UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 13-20776-CIV-O'SULLIVAN
[CONSENT]

NICOLAS FRANCOIS JEANTY, JR.,

      Plaintiff,

vs.

FEDERAL BUREAU OF INVESTIGATION
and DEPARTMENT OF JUSTICE,

      Defendants.

_____/

### <u>CORRECTED[1] ORDER</u>

THIS MATTER is before the Court on the Plaintiff's Motion for Summary

Judgment and Award of Litigation Cost (DE# 38, 10/15/13) and the Defendants' Motion

for Summary Judgment (DE# 43, 11/20/13). The parties have consented to Magistrate

Judge jurisdiction[2] and this matter was referred to the undersigned by the Honorable

Joan A. Lenard, United States District Judge for the Southern District of Florida,

pursuant to 28 U.S.C. § 636(b), for the final disposition of the case. <u>See</u> Order

Referring Case (DE# 49, 12/05/13).

_____

[1] This Order is issued <u>nunc pro tunc</u> to correct a sentence on page 11 of the original Order (DE# 53), which is now on page 12 of the instant Order. The corrected sentence now reads: "The documents responsive to the plaintiff's FOIA request related to his involvement with the following criminal charges: conspiracy to possess with intent to distribute cocaine, attempted possession with the intent to distribute cocaine, kidnaping and sexual battery."

[2] On December 5 and 6, 2013, the parties filed their respective notices of consent to magistrate judge jurisdiction. <u>See</u> Joint Consent to Jurisdiction by a United States Magistrate Judge (DE# 48, 12/05/13) filed by the plaintiff; Notice of Filing Joint Consent to Jurisdiction by a U.S. Magistrate Judge (DE# 51, 12/6/13) filed by the defendants.

**BACKGROUND**

On March 1, 2013, the plaintiff brought an action for the release of agency records under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Administrative Procedure Act ("APA"), 5 U.S.C. §701 et seq. See Complaint for Injunctive Relief/Document Release (DE# 1, 3/5/13). On May 13, 2013, the defendants filed an answer to the plaintiff's complaint. See Answer of Defendants, Department of Justice and Federal Bureau of Investigation (DE# 14, 5/13/13). The plaintiff also filed Plaintiff's "Affidavit" in Support of Plaintiff's Position and Supported Exhibits (DE# 30, 06/19/13).

On October 15, 2013, the plaintiff filed a motion for summary judgment accompanied by a statement of facts. See Plaintiff's Motion for Summary Judgment and Award of Litigation Cost (DE# 38, 10/15/13); Plaintiff's Statement of Facts (DE# 40 10/15/13). On October 28, 2013, the defendants filed their response in opposition to the plaintiff's motion for summary judgment. See Defendants' Response to Plaintiff's Motion for Summary Judgment and Award of Litigation Costs [D.E. 38] (DE# 41, 10/28/13). The plaintiff filed his reply on November 6, 2013. See Plaintiff's Clarification to Defendant's Response to Plaintiff's Motion for Summary Judgment & Litigation Cost [D.E. 41] (DE# 42, 11/6/13).[3]

On November 20, 2013, the defendants filed their own motion for summary judgment. See Defendants' Motion for Summary Judgment (DE# 43, 11/20/13). The defendants also moved to file under seal certain exhibits to the declaration of David M.

---

[3] The plaintiff incorrectly titled this document a "clarification."

Hardy, Section Chief of the Record/Information Section of the Records Management

Division, which the Court granted. See Defendant's Motion to File under Seal Exhibits

to Declaration in Support of Motion for Summary Judgment (DE# 46, 11/21/13); Order

(DE# 47, 11/27/13). The plaintiff responded to the defendants' motion for summary

judgment on December 9, 2013. See Response and Return to Defendant's Motion for

Summary Judgment (DE# 52, 12/9/13). No reply was filed. This matter is ripe for

review.

## FACTS[4]

On November 12, 2011, the plaintiff filed a FOIA request with the United States

Department of Justice (hereinafter "Department of Justice") and with the Federal

Bureau of Investigation Headquarters (hereinafter "FBI") requesting his "complete FBI

file in its entirety." See Defendants' Exhibit A (DE# 43-2 at 2, 11/20/13). On December

7, 2011, the Department of Justice responded by asking for more information relating to

the plaintiff's identity. See Defendants' Exhibit B (DE# 43-2 at 4, 11/20/13). On

December 12, 2011, the plaintiff provided information in order to verify his identity and

complete his request. See Plaintiff's Exhibit A (DE# 1 at 17, 3/5/13). On December 22,

2011, the defendants sent a letter acknowledging receipt of the plaintiff's FOIA request.

See Plaintiff's Exhibit A (DE# 1 at 19, 3/5/13). On May 17, 2012, the FBI responded to

the plaintiff's request, by releasing 21 pages. See Plaintiff's Exhibit B (DE# 1 at 21,

3/5/13). On June 17, 2012, the plaintiff appealed to the Department of Justice Office of

---

[4] The undersigned has included a recitation of the facts for the convenience of
the parties and to provide context. The undersigned does not make any factual findings
in this Order.

Information Policy (hereinafter "DOJ/OIP"). See Defendants' Exhibit H (DE# 43-2 at 15, 11/20/13). On September 25, 2012, the DOJ/OIP advised the plaintiff that his appeal was denied and that the FBI properly withheld certain information. See Plaintiff's Exhibit E (DE# 1 at 25, 3/5/13).

The plaintiff filed the instant FOIA lawsuit seeking injunctive relief and the release of documents on March 1, 2013. See Complaint for Injunctive Relief/Document Release (DE# 1, 3/5/13). In a letter dated June 27, 2013, the FBI advised the plaintiff that it had completed processing his FOIA request, retrieving 335 pages potentially responsive to his request. See Defendants' Exhibit K (DE# 43-2 at 22, 11/20/13). By letter dated September 25, 2013, the FBI advised the plaintiff that at that time it had reviewed 315 responsive pages and would release 104 pages attached to that letter. See Declaration of David M. Hardy (DE# 43-1 at ¶19, 11/20/13). The FBI further informed the plaintiff that the excised information and the documents withheld were exempt from release pursuant to Exemption (j)(2) of the Privacy Act and FOIA Exemptions (b)(3), (b)(5), (b)(6), (b)(7)(C), (b)(7)(D) and (b)(7)(E) and that the plaintiff could appeal from the FBI's determination with the DOJ/OIP. Id. at ¶19. To date, 148 pages have been released to the plaintiff. Id. at ¶4.

## STANDARD OF REVIEW

The plaintiff asks for summary judgment in his favor and an award of litigation costs. See Plaintiff's Motion for Summary Judgment and Award of Litigation Cost (DE# 38, 10/15/13).[5] The defendants seek summary judgment on the plaintiff's FOIA

---

[5] The plaintiff also filed a motion requesting that the Court take judicial notice of a letter he filed at docket entry 37. See Plaintiff's Motion for Judicial Notice (DE# 36,

complaint. See Defendants' Motion for Summary Judgment (DE# 43, 11/20/13). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

The moving party bears the initial burden of proof on a motion for summary judgment. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The "party seeking summary judgment always bears the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file . . . which it believes demonstrate the absence of a genuine issue of material fact." Id. (internal quotation marks omitted). In a FOIA case, the defending agency has the burden of showing that "any withheld documents fall within an exemption to FOIA." Carney v. United States Dep't of Justice, 19 F.3d 807, 812 (2d Cir. 1994). In determining whether the movant has satisfied this burden, the Court is required to view the evidence and all factual inferences arising therefrom in the light most favorable to the non-moving party. Batey v. Stone, 24 F.3d 1330, 1333 (11th Cir. 1994). Summary judgment is appropriate when there is no dispute as to any material fact and only questions of law remain. See Stewart v. Happy Herman's Cheshire Bridge, 117 F.3d 1278, 1284 (11th Cir. 1997) (citation omitted). If the record presents factual issues, the Court must deny the motion. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).

---

7/24/13). The Court issued an Order (DE# 50, 12/6/13) granting that motion and will consider the plaintiff's letter (DE# 37) in ruling on the parties' summary judgment motions.

Despite the presumption in favor of the non-moving party, the non-movant cannot merely rest upon bare assertions, conclusory allegations, surmises and conjectures. As the Supreme Court noted in Celotex:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

477 U.S. at 322-23. The mere existence of a scintilla of evidence in support of the non-moving party's position is insufficient. Anderson v. Liberty Lobby Inc., 477 U.S. 242, 252 (1986). There must be evidence on which the trier of fact could reasonably find for the non-movant. Anderson, 477 U.S. at 252.

The plaintiff in the instant case is not represented by counsel. The Court should construe pro se pleadings liberally and hold them to a less stringent standard than pleadings drafted by attorneys. Hughes v. Loft, 350 F.3d 1157, 1160 (11th Cir. 2003) (quoting Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998)). Nonetheless, pro se litigants must follow the procedural rules and the Court is not required to rewrite deficient pleadings. GJR Invs. v. Cnty of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998).

## ANALYSIS

### I. The Defendants' Motion for Summary Judgment

FOIA is "primarily an access and disclosure statute . . . [which] provides for wide-ranging citizen access to government documents and presumes them subject to

6

disclosure absent a clear showing to the contrary." St. Andrew's Park, Inc. v. United States Dep't of Army Corps of Eng'rs, 299 F. Supp 2d. 1264, 1267 (S.D. Fla. 2003) (quoting Ely v. FBI, 781 F.2d 1487, 1489-90 (11th Cir. 1986)). Generally, FOIA cases should be resolved on summary judgment. Miccouskee Tribe of Indians of Fla. v. United States, 516 F.3d 1235, 1243 (11th Cir. 2008). In a FOIA action, the Court may award summary judgment to the agency solely on the basis of information provided in reasonably detailed affidavits or declarations. Lakin v. United States Dep't of Justice, 917 F. Supp. 2d 142, 144 (D.D.C. 2013) (citing Military Audit Project v. Casey, 656 F.2d 724, 738 (D.C. Cir. 1981)). The defendants ask the Court to grant summary judgment in their favor.

### i. Whether There Was a Reasonable Search for Records Responsive to Plaintiff's Request

The defendants argue that a reasonable search was conducted for records responsive to plaintiff's request. See Defendants' Motion for Summary Judgment (DE# 43 at 6, 11/20/13). In responding to a FOIA request, the agency is not required to conduct an exhaustive search for records. Rather, "the agency must show beyond a material doubt . . . that it has conducted a search reasonably calculated to uncover all relevant documents." Ray v. U.S. Dep't of Justice, 908 F.2d 1549, 1558 (11th Cir. 1990) (quoting Weisberg v. United States Dep't of Justice, 705 F.2d 1344, 1351 (D.C. Cir. 1983) (internal quotation marks omitted)). If the search declaration is "relatively detailed, nonconclusory and submitted in good faith," the declaration is sufficient to demonstrate that a reasonable search was conducted. Id.; see also Miccouskee, 516 F.3d at 1246-1248. Agency affidavits filed in FOIA cases are given a presumption of

7

good faith. Fla. Immigrant Advocacy Ctr. v. Nat'l Sec. Agency, 380 F. Supp. 2d. 1332, 1343 (S.D. Fla. 2005); SafeCard Servs., Inc. v. SEC, 926 F.2d 1197, 1200 (D.C. Cir. 1991).

In the instant case, the FBI located a total of approximately 372 pages of documents that could potentially be responsive to the plaintiff's request. See Declaration of David M. Hardy (DE# 43-1 at ¶4, 11/20/13).  The defendants have filed a search declaration recounting the FBI's search of the general indices of its Central Record System and describing the search methods used in response to the plaintiff's request. See Declaration of David M. Hardy (DE# 43-1 at ¶27-28, 11/20/13). The declaration is supported by a presumption of good faith and the plaintiff has not presented any evidence to persuasively rebut that presumption. The declaration describes in reasonable detail how the FBI conducted their search.[6] Accordingly, the defendants have demonstrated that their search to uncover all relevant documents in response to the plaintiff's FOIA request was reasonably calculated to locating and uncovering responsive records.

### ii. Whether Information Was Properly Withheld Pursuant to FOIA Exemptions

The defendants further argue that the information withheld in response to the plaintiff's request was properly withheld pursuant to FOIA exemptions. See Defendants'

---

[6] "The search used the phonetic sounds and alternative spellings of the last, middle and first names relating to the following name: 'Nicolas F. Jeanty, Jr.' The FBI also used [the] plaintiff's date of birth to facilitate the identification of requested goods." See Declaration of David M. Hardy (DE#43-1 at ¶26, 11/20/13). The FBI conducted a second search for cross-references to plaintiff's requests and reviewed the search results to find specific documents concerning the plaintiff. Id. at ¶27-28.

Motion for Summary Judgment (DE# 43 at 7, 11/20/13). There are nine exemptions to

the disclosure of documents and these exemptions "must be narrowly construed." Dep't

of Air Force v. Rose, 425 U.S. 352, 361 (1976). Doubts regarding exemptions should be

"resolved in favor of disclosure." FLRA v. United States Dep't of Veterans Affairs, 958

F.2d 503, 508 (2d Cir. 1992). Further, these exemptions are "not to be added to or

detracted from." Id. (citing United States Dep't of Justice v. Tax Analysts, 492 U.S. 136,

153 (1989)). In the instant case, the FBI asserted FOIA Exemptions 3, 5, 6 and 7(C)-

(E). These exemptions will be addressed below.

### a. FOIA Exemption 3

Exemption 3 provides that FOIA's disclosure provisions do not apply to matters

that are:

> **specifically exempted from disclosure by statute** (other than section
> 552b of this title) **if that statute** (A)(I) requires that the matters be withheld
> from the public in such a manner as to leave no discretion on the issue; or
> (ii) **establishes particular criteria for withholding or refers to
> particular types of matters to be withheld**; and (B) if enacted after the
> date of enactment of the OPEN FOIA Act of 2009, specifically cites to this
> paragraph.

5 U.S.C. §552(b)(3) (emphasis added). The defendants invoked FOIA Exemption 3 in

order to withhold the identities of potential targets for wiretap interception and

information obtained via wiretap under Title III of the Omnibus Crime Control and Safe

Streets Act of 1968, 18 U.S.C. §§ 2510-2520 (hereinafter "Title III"). See Defendants'

Motion for Summary Judgment (DE# 43 at 9-10, 11/20/13); Declaration of David M.

Hardy (DE# 43-1 at ¶¶36-37, 11/20/13). The aforementioned material obtained under

Title III falls within the scope of Exemption 3. Because Title III identifies information

pertaining to "intercepted communications" as "particular types of matters to be withheld" within the meaning of Exemption 3(A)(ii), it constitutes a valid statutory basis for non-disclosure. See <u>Lam Lek Chong v. United States Drug Enforcement Admin.</u>, 929 F.2d 729, 733-34 (D.C. Cir. 1991). Therefore, the one page of information containing the identities of individuals targeted for wiretap interception as well as the information obtained via the Title III wiretap were correctly withheld.

### b. <u>FOIA Exemption 5</u>

Exemption 5 provides that the obligation of disclosure does not apply to "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. §552(b)(5). This exemption is met when a document satisfies two conditions: (1) its source must be a government agency; and (2) it must fall within the ambit of a privilege against discovery under the judicial standards which would govern litigation against the agency that holds it. <u>United States Dep't of Interior v. Klamath Water Users Protective Ass'n</u>, 532 U.S. 1, 8 (2001). This exemption "incorporat[es] the privileges [that] the government enjoys under the relevant statutory and case law in the pretrial discovery context." <u>United States Dep't of Justice v. Julian</u>, 486 U.S. 1, 11 (1988) (quoting <u>Renegotiation Bd. v. Grumman Aircraft Eng'g Corp.</u>, 421 U.S. 168, 184) (1975)). The exemption applies to documents normally privileged in that context. <u>N.L.R.B. v. Sears, Roebuck & Co.</u>, 421 U.S. 132, 149 (1975). The government document must be both "pre-decisional" and "deliberative." <u>Parke, Davis & Co. v. Califano</u>, 623 F.2d 1, 6 (6th Cir. 1980). A document is pre-decisional when it is "received by the decision-maker on the subject of the decision prior to the time the decision is made." <u>Sears, Roebuck & Co.</u>, 421 U.S. at

151. A document is deliberative when it "reflects the give-and-take of the consultative process." Coastal States Gas Corp. v. Dep't of Energy, 617 F.2d 854, 866 (D.C. Cir. 1980) (considering exempt from disclosure "recommendations, draft documents, proposals, suggestions, and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency").

The defendants argue that the FBI appropriately withheld a 29-page unsigned draft, Title II affidavit because it was an intra-agency document deliberative in nature and pre-decisional. See Defendants' Motion for Summary Judgment (DE# 43 at 10-12, 11/20/13). The 29-page document withheld under Exemption 5 constitutes an intra-agency document because it was created by a special agent from the FBI for internal review. See Declaration of David M. Hardy (DE# 43-1 at ¶39, 11/20/13). The withheld affidavit was the product of deliberations that contributed to the overall decision-making process concerning the final content of the document and the government's application for a wiretap authorization. Id. Thus, it constitutes a deliberative document. Moreover, the 29-page affidavit is pre-decisional because it was a draft of the final version ultimately signed and presented to the Court for the approval of Title III wiretap. In sum, the 29-page draft affidavit withheld pursuant to Exemption 5 is deliberative and pre-decisional and, as a result, was appropriately exempt from disclosure.

### c. FOIA Exemption 7

Exemption 7 provides that the obligation of disclosure does not apply to records or information compiled for law enforcement purposes, "but only to extent that the production of such law enforcement records or information" could reasonably be expected to cause one of the harms enumerated in the subparts of the exemption. 5

11

U.S.C. §552(b)(7). The documents responsive to the plaintiff's FOIA request related to

his involvement with the following criminal charges: conspiracy to possess with intent to

distribute cocaine, attempted possession with the intent to distribute cocaine, kidnaping

and sexual battery. The defendants maintain that the documents being withheld

pursuant to Exemption 7 were compiled for law enforcement purposes and therefore

meet the threshold requirement of Exemption 7. As an initial matter, the undersigned

finds that the information withheld under Exemption 7 (described in more detail below)

meets the "compiled for law enforcement purposes" threshold requirement.

### 1. FOIA Exemption 6 and 7(C)

Exemptions 6 and 7(C) provide that the obligation of disclosure does not apply to

personnel and medical files and similar files or to records or information compiled for

law enforcement purposes if such disclosure would constitute an unwarranted invasion

of privacy. 5 U.S.C. §552(b)(6)-(b)(7)(C). The privacy interest encompasses information

that if disclosed would reveal an individual's intimate details or have "possible adverse

effects upon [them] or [their] family." L & C Marine Transp., Ltd. v. United States, 740

F.2d 919, 923 (11th Cir. 1984) (quoting Source Book: Legislative History, Texts and

Other Documents at 519-20 (Joint Comm. Print 1975)). "The private needs . . . for

documents in connection with litigation, however, play no part in whether disclosure is

warranted." L & C Marine Transp., 740 F.2d at 923.

Where privacy concerns are present, disclosure is warranted when the requester

shows that: (1) the public interest sought to be advanced is a significant one, that is, an

interest more specific than having the information for its own sake and (2) the

information requested is likely to advance that interest. Nat'l Archives & Records Admin.

v. Favish, 541 U.S. 157, 172 (2004). The relevant public interest concerns whether disclosure would "contribute significantly to public understanding of the operations or activities of the government." United States Dep't of Justice v. Reporters Committee for Freedom of Press, 489 U.S. 749, 775 (1989) (quoting 5 U.S.C. § 552(a)(4)(iii) (1982 ed., Supp. V)). The FOIA requester must produce sufficient evidence to satisfy this standard in order for the court to undertake a counter-weighing analysis of public and private interests. Favish, 541 U.S. at 174-75. To effect this balance and to give practical meaning to the exemption, the plaintiff must provide a reason for requesting the information. Favish, 541 U.S. at 172. "Mere speculation about hypothetical public benefits cannot outweigh a demonstrably significant invasion of privacy." United States Dep't of State v. Ray, 502 U.S. 164, 179 (1991).  The Court must insist on a meaningful evidentiary showing. Favish,  541 U.S. at 175.

The defendants argue that some of the withheld documents contain information about FBI special agents, support personnel, third-parties of investigative interest, third-parties merely mentioned in the records, non-FBI federal government personnel, local law enforcement personnel, third-parties with criminal records and a third-party victim. See Defendants' Motion for Summary Judgment (DE# 43 at 13-18, 11/20/13); Declaration of David M. Hardy (DE# 43-1 at ¶46-53, 11/20/13). There is a strong privacy interest in favor of concealing the names and identifying information of these individuals associated with an FBI law enforcement investigation in order to protect them from embarrassment, harassment, or reprisal. See, e.g., Maynard v. CIA, 986 F.2d 547, 566 (1st Cir. 1993) (stating that "FBI agents, support personnel, confidential

13

sources, and investigatory targets all have significant privacy interests in not having

their names revealed") (citations omitted). The plaintiff has not proffered any reasons or

provided any evidence to suggest that the withheld documents carry a significant public

interest and that disclosure of those documents would serve that interest. The plaintiff

simply alleges that the information contained in the withheld documents would help him

in proving that federal and governmental agents engaged in fraud leading to the

prosecution of the plaintiff. See Plaintiff's Motion for Summary Judgment and Award of

Litigation Cost (DE# 38 at 4-5, 10/15/13). Accordingly, only the plaintiff's interest is at

stake and there is no public interest that would justify the disclosure of this information.

Thus, the identifying and personal information of government personnel and third

parties associated with an FBI law enforcement investigation were properly withheld

pursuant to Exemptions 6 and 7(C).

## 2. FOIA Exemption 7(D)

Exemption 7(D) provides that the obligation of disclosure does not apply to

records or information compiled for law enforcement purposes if the production of such

records or information could lead to the disclosure of a confidential source's identity. 5

U.S.C. § 522(b)(7)(D). The government is not entitled to a presumption that all sources

supplying information to the FBI in the course of a criminal investigation are confidential

sources. United States Dep't of Justice v. Landano, 508 U.S. 165, 181 (1993). A source

is deemed "confidential" if the source furnished information with the understanding that

the FBI would not divulge that communication except to the extent the FBI thought

necessary for law enforcement purposes. Id. at 174. If witnesses "have been found to

have the status of confidential sources, the names and other identifying information

14

relating to the witnesses are exempt from disclosure." L & C Marine Transp., 740 F.2d at 924-25. No balancing of individual and public interests is required in confidential source determinations. L & C Marine Transp., 740 F.2d at 925.

The defendants argue that information cannot be released because they contain the names of confidential sources and the information relating to them. See Defendants' Motion for Summary Judgment (DE# 43 at 18-20, 11/20/13). The FBI's informants provided information under an implied assurance of confidentiality and thus they should be protected as confidential sources. Disclosure of this information could undermine law enforcement investigations, "endanger the lives of informants or discourage cooperation by information sources." See Declaration of David M. Hardy (DE# 43-1 at ¶57, 11/20/13). In the instant case, the undersigned finds that the names and other identifying information relating to these confidential sources are exempt from disclosure and were properly withheld.

### 3. FOIA Exemption 7(E)

Exemption 7(E) provides that the obligation of disclosure does not apply to:

> records or information compiled for law enforcement purposes, but only to the extent that the production of law enforcement records or information . . . (E) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law.

5 U.S.C. §552(b)(7)(E). "[A]n agency must demonstrate only that release of a document might increase the risk 'that a law will be violated or that past violators will escape legal consequences.'" Pub. Emps. for Envtl. Responsibility v. U.S. Section, Int'l

Boundary & Water Comm'n, 740 F.3d 195, 205 (D.C. Cir. 2014) (quoting Mayer Brown

L.L.P. v. IRS, 562 F.3d 1190, 1193 (D.C. Cir. 2009)).

       The defendants argue that documents containing information related to the FBI

law enforcement operation plan for the execution of specific arrest warrants are exempt

from disclosure because the disclosure of this plan "would reveal sensitive law

enforcement analysis, techniques and procedures which are not generally known to the

public and would thereby enable criminal targets to better avoid detection and

apprehension." See Defendants' Motion for Summary Judgment (DE# 43 at 20-

21,11/20/13); Declaration of David M. Hardy (DE#43-1 at ¶64, 11/20/13). The Court

agrees with the defendants. The execution of specific arrest warrants is essential for

the apprehension of criminals. If criminal targets have knowledge of such techniques, it

is likely that they will use it to circumvent and undermine law enforcement.

Consequently, the documents related to the operation plan for executing specific arrest

warrants were properly withheld from disclosure.

### iii. Whether All Reasonably Segregable, Non-exempt Information Had Been Released to Plaintiff

       Finally, the defendants argue that all reasonably segregable, non-exempt

information has been released to the plaintiff. See Defendants' Motion for Summary

Judgment (DE# 43 at 21, 11/20/13). Non-exempt portions of a releasable FOIA

document must be disclosed unless the agency shows that they are inextricably

intertwined with exempt information. Kimberlin v. Dep't of Justice, 139 F.3d 944, 949

(D.C. Cir.1998) (citations omitted); see also 5 U.S.C.§ 552(b) ("[a]ny reasonably

segregable portion of a record shall be provided . . . after deletion of the portions which are exempt"). "To withhold the entirety of a document, the agency must demonstrate that it cannot segregate the exempt material from the non-exempt and disclose as much as possible." Hertzberg v. Veneman, 273 F. Supp. 2d 67, 74 (D.D.C. 2003) (citing Kimberlin, 139 F.3d at 949-50); see also Defenders of Wildlife v. U.S. Border Patrol, 623 F. Supp. 2d. 83, 90 (D.D.C. 2009) (finding that the Department of Homeland Security "ha[d] not met its burden . . . [of] show[ing] with reasonable specificity why [its] documents [could not] be further segregated and additional portions disclosed") (citations and quotations omitted).

The plaintiff argues that the defendants improperly segregated exempt information from non-exempt information by withholding an entire document because it contained some exempt material. See Response and Return to Defendant's Motion for Summary Judgment (DE# 52 at 3, 12/09/13). In his declaration, Mr. Hardy asserts that every effort has been made to release all segregable information contained in the plaintiff's requested records and that there is no further reasonably segregable information to be released. See Declaration of David M. Hardy (DE# 43-1 at ¶31, 11/20/13). He further asserts that the information that was withheld in its entirety could not be partially released without revealing the identities or invading the privacy interests of the individuals assisting law enforcement investigations. Id. at ¶45. Here, the defendants have shown that they properly withheld non-segregable documents because the exempt, identifying information was inextricably intertwined with the non-exempt information.

17

### iv. Other Information Withheld

In paragraph 65 of the declaration filed by the defendants, Mr. Hardy states that: "The FBI removed responsive information subject to a court sealing order, which further precludes release by the FBI. The redacted information is located on the following Bates pages: Jeanty-1-42, and 250-278." Declaration of David M. Hardy (DE# 43-1 at ¶65, 11/20/13) (footnote omitted). The defendants have not provided the Court with a copy of the sealing order or any other information which would reveal the court's basis for sealing these documents.

Generally, a court order sealing a document without more is insufficient to support the withholding of a document under FOIA. See Concepcion v. FBI., 699 F. Supp. 2d 106, 111 (D.D.C. 2010). "Only those sealing orders intended to operate as the functional equivalent of an injunction prohibiting disclosure can justify an agency's decision to withhold records that do not fall within one of the specific FOIA exemptions." Id. The defendants bear the burden of demonstrating that "the court issued the seal with the intent to prohibit the [agency] from disclosing the [document] as long as the seal remains in effect." Id. (quoting Morgan v. United States, 923 F.2d 195, 199 (D.C. Cir. 1991) (alterations in original)). In order to meet this burden, they may show that:

> (1) the sealing order itself; (2) extrinsic evidence such as transcripts and papers filed with the sealing court, casting light on the factors that motivated the court to impose the seal; (3) sealing orders of the same court in similar cases that explain the purpose for the imposition of the seals; or (4) the court's general rules or procedures governing the imposition of seals.

Id. In the instant case, Mr. Hardy merely states that the aforementioned documents were withheld pursuant to an order placing it under seal. See Declaration of David M.

Hardy (DE# 43-1 at ¶65, 11/20/13). Thus, the defendants have failed to meet their burden of showing that the order placing these documents under seal was the functional equivalent of an injunction prohibiting disclosure.

In the footnote to paragraph 65, Mr. Hardy states: "Due to the sealing order, these pages were not reviewed for applicable FOIA Exemptions. Should the court lift the sealing order, the FBI respectfully requests an opportunity to assert applicable FOIA Exemptions." See Declaration of David M. Hardy (DE# 43-1 at ¶65 n. 25, 11/20/13).

The FBI should be provided with an opportunity to assert FOIA exemptions with respect to the documents withheld pursuant to the sealing order.  "If the court concludes that the sealing order does not prohibit disclosure, 'the [agency] should have the opportunity to show that one of the FOIA exemptions authorizes it to withhold the [information.]'" Concepcion, 699 F. Supp. 2d at 111 (quoting Morgan, 923 F.2d at 199 n.5) (alterations in original)). Accordingly, the defendants shall file a supplemental memorandum of law asserting any applicable FOIA exemptions to the documents withheld pursuant to the sealing Order on or before **Friday, September 12, 2014**. If the defendants do not file a supplemental memorandum of law, the Court will assume that there are no applicable FOIA exemptions and the defendants shall disclose the aforementioned documents to the plaintiff by that date.

## II. The Plaintiff's Motion for Summary Judgment

The plaintiff asks the Court to grant him summary judgment and compel the defendants to produce the undisclosed information. The plaintiff argues that he has requested the documents to "shed light on Federal/Government agents . . . who

19

intentionally committed fraud by the concealment of material facts as well as producing [a] fraudulent affidavit before a federal judge." See Plaintiff's Motion for Summary Judgment and Award of Litigation Cost (DE# 38 at 4-5, 10/15/13). In certain cases, an affidavit provided by an agency can be sufficient for summary judgment purposes. Miscavige v. IRS, 2 F.3d 366, 368 (11th Cir. 1993). A court should grant a FOIA requester's motion for summary judgment "[w]hen an agency seeks to protect material which, even on the agency's version of the facts, falls outside the proffered exemption." Petroleum Info. Corp. v. Dep't of Interior, 976 F.2d 1429, 1433 (D.C. Cir. 1992).

The plaintiff argues that the exhibits attached to his request provide clear and convincing evidence of wrongful government conduct. See Plaintiff's Motion for Summary Judgment and Award of Litigation Costs (DE# 38 at 6, 10/15/13). The plaintiff fails to address the appropriateness of the exemptions raised by the government in response to his FOIA request for documentation. He does not argue that the exemptions invoked by the defendants are inapplicable to the present facts. In accordance with the Court's above decision regarding the Defendant's Motion for Summary Judgment (DE# 43 11/20/13), the withheld documents are exempt from disclosure and therefore the Plaintiff's Motion for Summary Judgment is **DENIED**.

Additionally, the plaintiff argues that he should be awarded litigation costs because he prevailed by obtaining the release of 104 pages of requested material.[7] See Plaintiff's Motion for Summary Judgment and Award of Litigation Costs (DE# 38 at 7, 10/15/13). The defendants correctly note that the plaintiff's request for fees is

---

[7] As noted above, the defendants have currently released 148 pages to the plaintiff.

premature and "fail[s] to comply with S.D. Fla. Local Rule 7.3." Defendants' Response
to Plaintiff's Motion for Summary Judgment and Award of Litigation Costs [D.E. 38]
(DE#41 at 5, 10/28/13). Accordingly, the plaintiff's request for litigation costs is
**DENIED**.

<u>**CONCLUSION**</u>

For the foregoing reasons, it is

ORDERED AND ADJUDGED that the Defendants' Motion for Summary
Judgment (DE# 43, 11/20/13) is **GRANTED in part and DENIED in part** and the
Plaintiff's Motion for Summary Judgment and Award of Costs (DE# 38, 10/15/13) is
**DENIED**. The Court will withhold ruling on the documents that were not produced
(Bates pages: Jeanty-1-42 and 250-278) because of the sealing order(s). The
defendants shall file a supplemental memorandum of law or provide those documents
by **Friday, September 12, 2014**, in accordance with this Order.

DONE AND ORDERED in Chambers at Miami, Florida this **25th** day of August,
2014.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
All counsel of record

Copies mailed by Chambers to:
Nicolas Francois Jeanty, Jr.
52372-004
Miami FCI
Federal Correctional Institution
Inmate Mail/Parcels
Post Office Box 779800
Miami, FL 33177